UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CONSTANTINO CUARA R., <br><br> Plaintiff, <br><br> v. <br><br> BONNEVILLE INTERNATIONAL CORPORATION, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER PERMITTING THE FILING OF AN AMENDED COMPLAINT <br><br><br> Case No. 2:23-cv-00583 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Constantino Cuara R., proceeding *in forma pauperis* (without paying the filing fee) and without an attorney, filed this action against Bonneville International Corporation, American Broadcasting Company, Corporation for Public Broadcasting, Fox Broadcasting Company, and Eccles Broadcast Center, the University of Utah.[1] Because the complaint is deficient as set forth below, the court permits Mr. Cuara R. to file an amended complaint to correct these deficiencies by **September 26, 2023**.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[2] In determining whether a complaint fails to state a claim for relief, the court employs the

---

[1] (*See* Compl., Doc. No. 5.)

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[4] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[5] But the court need not accept the plaintiff's conclusory allegations as true.[6] "[A] plaintiff must offer specific factual allegations to support each claim."[7]

Because Mr. Cuara R. proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[8] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[9] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[10] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor

---

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[4] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[5] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[8] *Hall*, 935 F.2d at 1110.

[9] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[10] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

syntax and sentence construction, or his unfamiliarity with pleading requirements,"[11] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

## ANALYSIS

Mr. Cuara R.'s complaint lacks coherent factual allegations and fails to state a plausible claim for relief. The complaint alleges Mr. Cuara R. is the "owner of all trademarks and the land of United States and global network, federal and states entities, under sha [sic] 256 fingerprint hereditary blood, malicious and misco[]nduct."[13] These allegations are unintelligible and fail to support any cognizable claim. The complaint contains no other factual allegations, and it fails to allege any actions or omissions by the named defendants. Mr. Cuara R. attached what appears to be an investment account statement as an exhibit to his complaint,[14] but this fails to elucidate his claims; it is unclear what claims or allegations this document relates to.

Mr. Cuara R. checked boxes on the pro se complaint form indicating he is bringing the case under 42 U.S.C. §§ 1983 and 1985,[15] but his incoherent allegations fail to state a claim under either statute. He fails to allege a "deprivation of a federal right by . . . a person acting

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[13] (Compl., Doc. No. 5 at 3.)

[14] (Ex. 1 to Compl., Doc. No. 5-1.)

[15] (Compl., Doc. No. 5 at 1.)

under color of state law" as required to state a claim under section 1983.[16] And he fails to allege any conspiracy to interfere with civil rights under section 1985.[17] The complaint also makes conclusory references to numerous other federal statutes but fails to offer any factual allegations in support.[18] Merely listing statutes without accompanying allegations is insufficient to state a claim.[19]

Because Mr. Cuara R.'s complaint fails to state a plausible claim for relief, it is subject to dismissal.[20] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[21] Accordingly, Mr. Cuara R. will be given an opportunity to amend his complaint.

## CONCLUSION

The court ORDERS as follows:

1. Mr. Cuara R. may file an amended complaint by **September 26, 2023**. The words "Amended Complaint" should appear in the caption of the document.

---

[16] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[17] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

[18] (*See* Compl., Doc. No. 5 at 3–4.)

[19] *See Kan. Penn Gaming, LLC*, 656 F.3d at 1214 ("[A] plaintiff must offer specific factual allegations to support each claim.").

[20] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[21] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

      2.      Mr. Cuara R. is advised that an amended complaint will completely replace all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[22]

      3.      Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

      4.      Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's September 1, 2023 order[23] remains in place.

      5.      Failure to file an amended complaint may result in dismissal of this action.

DATED this 5th day of September, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[22] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[23] (Doc. No. 4.)